Todd M. Friedman (216752)
Darin Shaw (251037)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
dshaw@attorneysforconsumers.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOHN THOR,** | ) Case No. <br> ) <br> ) **COMPLAINT FOR VIOLATION** |
| Plaintiff, | )  **OF FEDERAL FAIR DEBT** <br> ) **COLLECTION PRACTICES ACT** |
| vs. | ) **AND ROSENTHAL FAIR DEBT** <br> ) **COLLECTION PRACTICES ACT** |
| **ASSET MANAGEMENT OUTSOURCING, INC.,** | ) <br> ) <br> ) |
| Defendant. | ) <br> ) |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of

which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3. Plaintiff, John Thor ("Plaintiff"), is a natural person residing in Sacramento county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4. At all relevant times herein, Defendant, Asset Management Outsourcing, Inc., ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6.      Plaintiff began receiving calls from Defendant on or about December 22, 2010.  Plaintiff received voicemails at work from "Mr. David," an employee of Defendant, including, but not limited to, on December 22, December 23, and December 24, 2010.  In the voicemails left on December 22 and December 23, 2010, "Mr. David" stated he would be doing employment verification and wanted to talk to Plaintiff.  In the voicemail left on December 24, 2010, "Mr. David" stated that the employment verification had been made and he wanted to speak to Plaintiff.  "Mr. David" did not state what company he was calling from, that he was attempting to collect a debt, or any information regarding the alleged debt.

7.      On or about December 27, 2010, Plaintiff contacted his personnel transactions unit regarding the alleged employment verification by Defendant.  Plaintiff was advised that no employment verification had been provided to Defendant at that point.

8.      On or about December 28, 2010, "Mr. David" called Plaintiff at work and again left a voicemail regarding employment verification.  Again, no information regarding the name of the company, the required notices that Defendant was attempting to collect a debt from Plaintiff, or any information regarding the debt was provided to Plaintiff.

9.      On or about December 28, 2010, at 10:10 a.m., Plaintiff, while at work, returned "Mr. David's" call.  Plaintiff asked "Mr. David" the name of the

company he was calling from and his full name.  "Mr. David" did not provide Plaintiff with Defendant's complete and proper name, and refused to provide Plaintiff with his first name.  Plaintiff further asked why Defendant was calling him.  "Mr. David" stated that Nissan wanted him to review Plaintiff's file before the new year, as they had filed a breach of contract against Plaintiff in September and wanted a decision about a lawsuit.  "Mr. David" also stated that Plaintiff told Nissan that he would not pay, and to take him to court, garnish his wages, and that he voluntarily refused to pay.  Plaintiff told "Mr. David" that he had never said any of those things.  "Mr. David" told Plaintiff it's so easy to track him down and that employment verification is the next step.  "Mr. David" continued to taunt Plaintiff by threatening him with a lawsuit, a judgment, and putting liens on anything Plaintiff owns.  Eventually, Plaintiff hung up on "Mr. David" as he was unable to have a reasonable conversation with him.

10.     On or about December 28, 2010, at 10:18, after Plaintiff's initial conversation with "Mr. David," he received a call at work from "Mr. David".  Again "Mr. David" began taunting Plaintiff, and stated he was going to process the papers and sue Plaintiff.  Plaintiff told "Mr. David" to stop calling him as he had no right to speak to Plaintiff that way and as he had not provided Plaintiff with the information he had requested.

11. Plaintiff continued to receive calls at work from Defendant throughout January, 2011. Plaintiff has not received anything in writing from Defendant, and does not believe any lawsuit has been filed against him to date.

12. Despite Defendant's threats of a lawsuit against Plaintiff, Defendant is not a law firm licensed in California and would not legally be allowed to file a suit against Plaintiff unless they retained counsel licensed in California. At no time did Defendant or "Mr. David" advise Plaintiff that they would have to hire counsel if they were to file suit against him.

13. Plaintiff's counsel sent a request for proof of the alleged debt to Defendant on January 25, 2011. As Defendant failed to respond to that request, counsel sent a second request on February 8, 2011. Defendant has failed to respond to date.

14. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

   a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, including, but not limited to, repeatedly calling Plaintiff at work and threatening him with legal action (§1692d));

   b) Falsely representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action, including, but not limited to, threatening Plaintiff with a lawsuit, a judgment and

liens, although Defendant is not a law firm (§1692e(4));

c) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including, but not limited to, threatening Plaintiff with a lawsuit, a judgment and liens, although Defendant is not a law firm (§1692e(5));

d) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff, including, but not limited to, repeatedly calling Plaintiff at work, after he had spoken to Defendant and advised Defendant to stop calling him (Cal Civ Code §1788.11(d));

e) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances, including, but not limited to, repeatedly calling Plaintiff at work, after he had spoken to Defendant and advised Defendant to stop calling him (Cal Civ Code §1788.11(e));

f) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff, including, but not limited to, repeatedly calling Plaintiff at work, after he had spoken to Defendant and advised Defendant to stop calling him (§1692d(5));

g) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff, including, but not limited to, repeatedly calling Plaintiff at work, after he had spoken to Defendant and advised Defendant to stop calling him (§1692c(a)(1));

h) Failing to provide Plaintiff with the notices required by 15 USC §1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof,

including, but not limited to, failing to advise Plaintiff that he is allowed to dispute the debt and that Defendant is a debt collector(§1692g(a));

i) Overshadowing the disclosures required by 15 USC §1692g(a) during the thirty-day dispute period, including, but not limited to, failing to advise Plaintiff that he is allowed to dispute the debt and that Defendant is a debt collector (§1692g(b));

j) Making representations to Plaintiff during the 30-day dispute period that are inconsistent with the disclosures required by 15 USC § 1692g(a), including, but not limited to, failing to advise Plaintiff that he is allowed to dispute the debt and that Defendant is a debt collector (§1692g(b));

k) Falsely representing that an individual is an attorney, including, but not limited to, on one occasion stating that a breach of contract had been filed against Plaintiff, and on other occasions stating that a suit would be filed against him, a judgment obtained, and a lien on all of Plaintiff's belongings, although Defendant is not a licensed law firm in California (§1692e(3));

l) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt, including, but not limited to, continuing to call Plaintiff at work after he advised Defendant to stop calling, repeatedly threatening Plaintiff with a lawsuit, a judgment and liens on his property (§1692f));

m) Threatening Plaintiff that nonpayment of Plaintiff's debt may result in the arrest of Plaintiff or the seizure, garnishment, attachment or sale of any property or the garnishment or attachment of wages of Plaintiff, where such action was not in fact contemplated by the debt collector and permitted by the law, including, but not limited to, repeatedly threatening Plaintiff with a lawsuit, a judgment and liens on his property although

Defendant is not a licensed California law firm (Cal Civ Code §1788.10(e));

n) Threatening to take an action against Plaintiff that is prohibited by § 1788 of the California Civil Code, including, but not limited to, repeatedly threatening Plaintiff with a lawsuit, a judgment and liens on his property although Defendant is not a licensed California law firm (Cal Civ Code §1788.10(f));

o) Falsely representing that any person is an attorney or counselor at law, including, but not limited to, repeatedly threatening Plaintiff with a lawsuit, a judgment and liens on his property although Defendant is not a licensed California law firm (Cal Civ Code §1788.13(b));

p) Falsely representing the true nature of the business or services being rendered by Defendant, including, but not limited to, repeatedly threatening Plaintiff with a lawsuit, a judgment and liens on his property although Defendant is not a licensed California law firm (Cal Civ Code §1788.13(i)); and

q) Falsely representing that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made, including, but not limited to, repeatedly threatening Plaintiff with a lawsuit, a judgment and liens on his property although Defendant is not a licensed California law firm (Cal Civ Code §1788.13(j)).

15. As a result of the above violations of the FDCPA and RFDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and

Case 2:11-cv-01106-KJM-EFB   Document 1   Filed 04/23/11   Page 9 of 10

Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages;

D. Costs and reasonable attorney's fees; and,

E. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff reincorporates by reference all of the preceding paragraphs.

18. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

19. Further, *§1788.17* of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with

Complaint - 9

the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, *15 U.S.C. §1692d, and §1692d(5).*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the RFDCPA;

    B.    Actual damages;

    C.    Statutory damages for willful and negligent violations;

    D.    Costs and reasonable attorney's fees,

    E.    For such other and further relief as may be just and proper.

## **PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 23rd day of April, 2011.

By:    s/Todd M. Friedman
         Todd M. Friedman (216752)
         Law Offices of Todd M. Friedman, P.C.
         369 S. Doheny Dr. #415
         Beverly Hills, CA 90211
         Phone: 877 206-4741
         Fax: 866 633-0228
         tfriedman@attorneysforconsumers.com
         Attorney for Plaintiff